

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 MAY 28 PM 1:46

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUBIN GUTIERREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-0061 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## AMENDED REPORT AND RECOMMENDATION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Upon reviewing "Respondent's Response to this Court's Order Dated March 25, 2015 to Clarify Mandatory Supervision Eligibility" filed May 11, 2015, the undersigned enters this Amended Report and Recommendation which supercedes the original Report and Recommendation entered February 20, 2015.

Petitioner is presently incarcerated at the Clements Unit in Potter County, Texas pursuant to an April 22, 2011 conviction for the offense of robbery, a 2nd degree felony under section 29.02 of the Texas Penal Code,[1] out of the 147th Judicial District Court of Travis County, Texas, and the resultant 55-year sentence. *See State v. Gutierrez*, No. D-1-DC-10-301351. By his federal habeas application, petitioner challenges a May 2014 prison disciplinary proceeding conducted at the Clements Unit. Case No. 20140271302.

---

[1] Although petitioner was indicted for "aggravated robbery" under section 29.03 of the Texas Penal Code, the jury found petitioner guilty of the offense of "robbery" ("as alleged in the indictment") and found a deadly weapon was used in the commission of the offense. The Judgment reflects petitioner was convicted of "robbery with a deadly weapon" under section 29.02 of the Texas Penal Code.

In order to challenge a prison disciplinary adjudication in a federal habeas corpus action, a petitioner must, at a minimum, be eligible for mandatory supervised release <u>and</u> have received a punishment sanction which included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Although petitioner conceded he was <u>not</u> eligible for release on mandatory supervision in his habeas petition, *see* Question No. 16, in a subsequent pleading petitioner advised he was eligible for mandatory supervised release.

Respondent was ordered to advise the court as to petitioner's current and prior convictions and whether petitioner is eligible for release to mandatory supervision. In response, respondent filed his May 11, 2015 pleading, attaching an affidavit from the Program Supervisor III for the Classification and Records Department of the Texas Department of Criminal Justice, Correctional Institutions Division, wherein the affiant attests petitioner is incarcerated pursuant to his 2011 robbery conviction and is <u>not</u> eligible for release to mandatory supervision.

A prisoner who commits the offense of robbery after 1996 is not eligible for mandatory supervised release during his period of incarceration. Tex. Gov't Code § 508.149(a)(11); Act of June 1, 1995, 74th Leg., R.S., ch. 263, § 1, 1995 Tex. Gen. Laws 2592. Since petitioner is not eligible for mandatory supervised release, he may not challenge a state prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958.

Petitioner is not entitled to federal habeas corpus relief. Petitioner's habeas application should be DISMISSED.

### RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner RUBIN GUTIERREZ be DISMISSED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___28th___ day of May 2015.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).